**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLARK A. ROBERTSON** | : | **Case No. 5:20-cv-01907** |
| **Plaintiffs,** | : | **Judge Lioi** |
| **v.** | : | **Magistrate Judge Henderson** |
| **UNIVERSITY OF AKRON SCHOOL OF LAW,** *et al.* | : | |
| **Defendants.** | : | |

---

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

Defendants, The University of Akron School of Law, Christopher J. Peters, Charles Oldfield, John C. Green, Dale E. Gooding, Jr., James P. Weber, Todd R. Hough, Thomas A. Gedeon, and Thomas Wayner (collectively, the "UA Defendants") move this Court for judgment on the pleadings. The attached Memorandum supports UA Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

Respectfully submitted,

**DAVE YOST (00056290)
Ohio Attorney General**

*/s/ Anthony J. Farris*
ANTHONY J. FARRIS (0055695)
ASHLEY BARBONE (0083666)
Assistant Attorneys General
Office of the Ohio Attorney General
Education Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
Phone: (614) 644-7250 / Fax: (614) 644-7634
Email:  anthony.farris@ohioattorneygeneral.gov
ashley.barbone@ohioattorneygeneral.gov
*Counsel for the UA Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

I. INTRODUCTION ............................................................................................................... 1

II. PLAINTIFF'S CAUSES OF ACTION ............................................................................. 2

III. SUMMARY OF UA DEFENDANTS' ARGUMENT ...................................................... 3

IV. STANDARD OF REVIEW ............................................................................................... 4

    A.    The Rule 12(c) Standard ............................................................................................. 4

    B.    The Rule 12(b)(1) Standard ........................................................................................ 4

V. UA DEFENDANTS' ARGUMENT ................................................................................... 5

    A.    UA School of law has no independent existence and is not subject to suit ....................... 5

    B.    The University of Akron is immune from Plaintiff's claims under 42 U.S.C. § 1983 and
        42 U.S.C. § 1985 (Counts I, II, III and XI) ...................................................................... 5

    C.    UA employees acting in their official capacities are immune from Plaintiff's claims
        under 42 U.S.C. §§ 1983 and 1985 (Counts I, II, III, and XI) ............................................ 5

    D.    Plaintiff has not sufficiently pleaded individual-capacity claims under 42 U.S.C. § 1983
        (Counts I, II, and XI) ...................................................................................................... 6

    E.    Plaintiff has not sufficiently pleaded individual-capacity claims under 42 U.S.C. § 1985
        (Counts III) ................................................................................................................... 10

    F.    ADA Claims (Count V) ................................................................................................ 11

    G.    Rehabilitation Act Claims (Count VI). ......................................................................... 15

    H.    Plaintiff's State Law Claims (Counts VII, VIII, IX, X, AND XI) .................................. 16

VI. CONCLUSION ................................................................................................................ 18

CERTIFICATE OF COMPLIANCE ..................................................................................... 18

CERTIFICATE OF SERVICE ............................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbott v. Moore Business Forms, Inc.*
439 F. Supp. 643 (D.N.H. 1977) ........................................................................................11

*Adams v. Ohio Univ.*,
300 F. Supp.3d 983 (S.D. Ohio 2018) ...............................................................................6

*Anderson v. City of Blue Ash*,
798 F.3d 338 (6th Cir. 2015) ............................................................................................13

*Anderson v. Creighton*,
483 U.S. 635 (1987) ..........................................................................................................10

*Anderson v. Ky. One Health, Inc.*,
2017 U.S. Dist. LEXIS 171526 (W.D. Ky. Oct. 17, 2017) ..............................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................4, 7, 9, 17

*Bailey v. Ohio State University*,
487 F. Supp. 601, 18 Ohio Op.3d 332, 1980 U.S. Dist. LEXIS 12273 (S.D. Ohio 1980) ........................................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................8

*Brandon v. Holt*,
469 U.S. 464, 83 L.Ed.2d 878, 105 S.Ct. 873 (1985) .......................................................5

*Carten v. Kent State Univ.*,
282 F.3d 391 (6th Cir. 2002) ............................................................................................12

*Carten v. Kent State Univ.*,
78 F. App'x 499 (6th Cir. 2003) .......................................................................................16

*Diaz v. Michigan Dep't of Corr.*,
703 F.3d 956 (6th Cir. 2013) ..............................................................................................6

*Doe v. Bd. Of Trs. Of the Univ. of Ill.*,
429 F. Supp.2d 930 ...........................................................................................................11

*Gohl v. Livonia Pub. Sch. Dist.*,
836 F.3d 672 (6th Cir. 2016) ............................................................................................14

iii

*Griffin v. Breckenridge*,
    403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed. 2d 338 (1971) .......................................................10, 11

*Guttman v. Khalsa*,
    669 F.3d 1101 (10th Cir. 2012) ........................................................................................12

*Hall v. Medical College of Ohio*,
    742 F.2d 299, 1984 U.S. App. LEXIS 19125 (6th Cir. Ohio 1984) ...........................................5

*Haynes v. Marshall*,
    887 F.2d 700 (6th Cir. 1989) ...........................................................................................17

*State ex rel. Hickman v. Capots*,
    45 Ohio St.3d 324, 544 N.E.2d 639 (1989) .........................................................................8

*James v. Tunnell*,
    No. 1:09-cv-00839, 2010 U.S. Dist. LEXIS 69103, *4 (S.D. Ohio June 16,
    2010) ........................................................................................................................17

*Johnson v. Cleveland City Sch. Dist.*,
    443 Fed. Appx. 974 (6th Cir. 2011) ..................................................................................14

*Johnson v. S. Conn. State Univ.*,
    No. 3:02-CV-2065, 2004 U.S. Dist. LEXIS 21084 (D. Conn. Sept. 30, 2004) ........................12

*Lanman v. Hinson*,
    529 F.3d 673 (6th Cir. 2008) ............................................................................................7

*Lee v. Mich. Parole Bd.*,
    104 Fed. Appx. 490, 2004 U.S. App. LEXIS 13709 (6th Cir. 2004) ......................................15

*Lewis v. Humboldt Acquisition Corp.*,
    681 F.3d 312 (6th Cir. 2012) ...........................................................................................13

*McCloud v. Testa*,
    97 F.3d 1536 (6th Cir. 1996) ...........................................................................................10

*McCormick v. Miami University*,
    693 F.3d 654 (6th Cir. 2012) ...........................................................................................17

*McCulley v. Univ. of Kansas School of Medicine*,
    No. 12-2587-JTM, 2013 U.S. Dist. LEXIS 51516 (D. Kan. Apr. 10, 2013) ..........................12

*McKenna v. Bowling Green State Univ.*,
    568 F. App'x 450 (6th Cir. 2014) ....................................................................................7, 9

*Mixon v. State of Ohio*,
    193 F.3d 389, 396-397 (6th Cir. 1999) ................................................................................5

iv

*Nichols v. Muskingum College*,
   318 F.3d 674 (6th Cir. 2003) .................................................................................................4

*Papasan v. Allain*,
   478 U.S. 265 (1986)................................................................................................................6

*Patel v. Wright State Univ.*,
   S.D. Ohio No. 3:07-cv-243, 2009 U.S. Dist. LEXIS 47491 (May 26, 2009).........................12

*Pierre v. Univ. of Dayton*,
   No. 3:15-cv-362, 2017 U.S. Dist. LEXIS 44442 (S.D. Ohio Mar. 27, 2017)........................14

*Platt v. Burroughs Corp.*,
   424 F. Supp. 1329 (E.D. Pa. 1976) .......................................................................................11

*Plautz v. Potter*,
   156 Fed. App'x 812 (6th Cir. 2005) ......................................................................................15

*Poe v. Haydon*,
   853 F.2d 418 (6th Cir. 1988) ..................................................................................................7

*Press v. State Univ. of New York at Stony Brook*,
   388 F.Supp.2d 127 (E.D.N.Y.2005) .....................................................................................12

*Reeves v. Shawnee State Univ.*,
   2017 U.S. Dist. LEXIS 29674 ................................................................................................9

*Shaikh v. Lincoln Mem'l Univ.*,
   608 F. App'x 349, 353 (6th Cir. 2015) ............................................................................14, 15

*Thompson v. New York*,
   487 F. Supp. 212, 1979 U.S. LEXIS 8003............................................................................11

*United States v. Georgia*,
   546 U.S. 151 (2006)..........................................................................................................12, 13

*Valente v. University of Dayton*,
   689 F. Supp 2d 910 ................................................................................................................5

*Vergoda v. Student Gov't Ass'n Elections Bd.*,
   2017 U.S. Dist. LEXIS 182682, Par. 3-5 (U.S.D.C.  Northern District of Ohio,
   November 3, 2017) ..................................................................................................................9

*Williams v. McLemore*,
   247 Fed. App'x 1 (6th Cir. 2007) .....................................................................................11, 12

*Williams v. Savage*,
   538 F. Supp. 2d 34 ................................................................................................................11

v

*Wolfel v. Morris*,
  972 F.2d 712, 719 (6th Cir. 1999) .......................................................................5

*Wood v. Moss*,
  134 S. Ct. 2056 (2014)...............................................................................5, 10

*Yates-Mattingly v. Univ. of Cincinnati*,
  No. 1:11-cv-753, 2012 U.S. Dist. LEXIS 124101 (S.D. Ohio Aug. 31, 2012) .....................16

*Ex parte Young*,
  209 U.S. 123 (1980)........................................................................................6

*Ziegler v. IBP Hog Market, Inc.*,
  249 F.3d 509 (6th Cir. 2001) .............................................................................4

**Statutes**

28 U.S.C. § 1367(c) ...........................................................................................17

42 U.S.C. § 1981 ...............................................................................................5

42 U.S.C. § 1983................................................................................... *passim*

42 U.S.C. § 1985.........................................................................3, 5, 10, 11

42 U.S.C. § 1986 ...............................................................................................5

Americans with Disabilities Act of 1990............................................................ *passim*

Americans with Disabilities Act, Title II................................................3, 11, 12, 13

Ohio Rev. Code § 9.86..................................................................................4, 17

Ohio Rev. Code § 2743.02..................................................................................17

Ohio Rev. Code § 2743.02(A)(1) .........................................................................17

Ohio Rev. Code § 2743.02(F)...............................................................................17

Ohio Rev. Code § 2743.03(A)(1) .........................................................................17

Ohio Rev. Code § 3345.011...................................................................................5

Rehabilitation Act of 1973.......................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).......................................................................................4

Fed. R. Civ. P. Rule 12(b)(6) .............................................................................................4

Fed. R. Civ. P. Rule 12(c) ...............................................................................4, 12, 15

Ohio Constitution ...............................................................................................................3

U.S. Constitution, the Eleventh Amendment ..................................................... *passim*

U.S. Constitution, the Fourteenth Amendment ...........................................................12

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

This case arises from Plaintiff's extended commitment to a mental health facility, which he attributes to the UA Defendants and perceives as a part of a pattern of discrimination against him based on age and mental illness. Plaintiff previously made a complaint of age and disability discrimination against the University of Akron in 2018 with the United States Department of Education, Office for Civil Rights (OCR) which was resolved and withdrawn through a mediation agreement in which Plaintiff agreed to not reassert these claims. (Comp. Par. 15) (Exhibit A, attached). The Mediation Agreement provided, among other things, for Plaintiff to have additional time, until August 26, 2018, to complete three assignments in his Legal Reasoning class, but he still failed to do so and was obligated to retake the class. (Exhibit A). Plaintiff alleges this OCR complaint was the basis of retaliation by the UA Defendants, that the mediator pressured him into the agreement, and raises some of the waived claims in this Complaint. (Comp. Par. 17, 15, 19, 53-64; Exhibit A).

On August 29, 2018, Plaintiff contacted Carolyn Brommer, Regional Director of the Federal Mediation and Conciliation Service, and left a disturbing voicemail expressing rage and threats directed to UA personnel. Comp. Par. 17, 18) (Voicemail Transcript attached as Exhibit B). Plaintiff quotes from the voicemail message in his Complaint and alleges it did not reflect an intent to harm others or himself, that the decision of the UA police officers violated his known constitutional rights, and that the decision must have been instigated by UA and its administrators as part of a policy of discrimination against the mentally-ill and a conspiracy against him. (Comp. 17-22, 32-36, 4-7, 80-82; Exhibit B).  The voicemail ends as follows:

1

Listen, I don't want to take my life Barbara. But if they push me to the edge, I can assure you, I will make sure it looks really cruel (haughty laughing). Listen, I will freaking take all them all the way to the bottom of the barrel of US News & World Report, to the bottom of the barrel.

If they want to push me to the edge, hey I won't turn it into a - I will put them on the map okay. That may be the last thing I do. If they want to push me to the edge they will- it will absolutely be a nasty mess. But, I won't- listen I am sick of tired of being bullied and pushed around by them and I want to get back with you. And I am very hurt (getting choked up). They are just going to put me through it, put me through it, put me through it and ruin me and destroy me. And then at that point there won't be anything left for me to lose. Okay?

(Exhibit B).

Ms. Brommer was so alarmed and concerned by the message that she notified UA and relayed the voicemail. (Comp. Par 17, 18). Shortly thereafter and on that same date, Plaintiff appeared at the UA administrative offices in an agitated state. (Comp. Par 19-22). The University Police were summoned who, after interviewing Plaintiff and listening to the voicemail, determined that he needed to be "pink-slipped" and taken to a psychiatric facility. (Comp. Par. 19-22). In the immediate aftermath and out of safety concerns, Plaintiff was given an interim suspension which he claims violated his substantive and procedural due process rights. (Comp. Par 28-34, 74) (Suspension Letter attached as Exhibit C). Plaintiff's psychiatrist subsequently informed the University that Plaintiff was too mentally unstable to participate in any meetings associated with the disciplinary process so he never encountered any of the alleged procedural deficiencies and his suspension still remains in effect. (Comp. Par 28 -34, 74) (Disability Letter attached as Exhibit D).

## II.    PLAINTIFF'S CAUSES OF ACTION

In his Complaint, Plaintiff makes numerous allegations against the various UA Defendants, often without clearly delineating them, as well as others not affiliated with UA. These include a policy and custom of violating the Constitution when disciplining students (Comp. Par.4), a policy

2

and custom of violating student's rights in ordering psychiatric treatment and implementing involuntary commitments (Comp. Par. 5 and 6), unlawful arrest (Comp. Par. 7), conspiring with others to have the Plaintiff committed and otherwise persecuting him (Comp. Par. 27), continual harassment of Plaintiff based on age and disability including calling him an "odd duck" (Comp. Par. 10), retaliating against Plaintiff for filing a United States Department of Education Office for Civil Rights Complaint including by one defendant telling him he "was going to fuck his crazy ass" (Comp. Par. 16), and suspending him and banning him from the campus without due process (Comp. Par 28-31).

Plaintiff purports the above to be violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1201 et seq., Title II (Americans with Disabilities Act), the Rehabilitation Act of 1973 under U.S.C. § 504, et seq., the Ohio Constitution, Ohio laws regarding Invasion of Privacy, breach of contract and involuntary commitment, as well as conspiracy.

## III.    SUMMARY OF UA DEFENDANTS' ARGUMENT

A school of law, such as the University of Akron School of Law, is not *sui juris* and therefore does not have the capacity to be sued independently. All claims against Defendant University of Akron School of Law must be dismissed. To the extent that UA and its employees acting in their *official* capacity are the intended defendants, they are immune from Title 42 suits as a result of the Eleventh Amendment.

Plaintiff's Complaint offers only labels and conclusions and fails to allege sufficient facts to make plausible the assertion that any UA Defendants engaged in misconduct while acting in their *individual* capacity or that, if they had, were not entitled to qualified immunity.

Plaintiff's claims under the ADA and Rehabilitation Act are also so formulaic and lacking in specific operative facts that they fail to state plausible claims for relief, and are not applicable to claims against individuals in any capacity.

This Court lacks jurisdiction over Plaintiff's state law claims pursuant to the Eleventh Amendment and Ohio Rev. Code 9.86.

## IV.   STANDARD OF REVIEW

### A.   The Rule 12(c) Standard.

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-512 (6th Cir. 2001). In order to survive a Rule 12(b)(6) motion, the complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the complaint is plausible, the Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678.

### B.   The Rule 12(b)(1) Standard.

Under Rule 12(b)(1), "[w]hen a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" *Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). When a defendant asserts that the plaintiff has not alleged sufficient facts in her complaint to demonstrate subject matter jurisdiction, the Court must take the allegations in the complaint as true. *Id.* at 677.

4

## V.      UA DEFENDANTS' ARGUMENT

### A.      UA School of Law has no independent existence and is not subject to suit.

Plaintiff has not alleged or established any independent existence on the part of Defendant University of Akron School of Law separate and apart from the University of Akron. A law school is not *sui juris* and the suit must be construed as against the University to which it is attached. *See Valente v. University of Dayton, 689 F. Supp 2d 910,* fn. 1. Plaintiff has therefore not stated a valid claim against "University of Akron School of Law." (Comp. Par. 4).

### B.      The University of Akron is immune from Plaintiff's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (Counts I, II, III, and XI).

Ohio has not waived its sovereign immunity in federal court. *Mixon v. State of Ohio,* 193 F.3d 389, 396-397 (6th Cir. 1999). The State of Ohio enjoys immunity from suits brought in federal court under 42 U.S.C. Sections 1981, 1983, 1985 and 1986. *Moss* at 394. The University of Akron is a "state university" pursuant to R.C. 3345.011. State universities are arms of the State of Ohio and therefore entitled to Eleventh Amendment immunity. See *Hall v. Medical College of Ohio,* 742 F.2d 299, 1984 U.S. App. LEXIS 19125 (6th Cir. Ohio 1984), cert denied, 489 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789, 1985 U.S. LEXIS 440 (U.S. 1985); *Bailey v. Ohio State University,* 487 F. Supp. 601, 18 Ohio Op.3d 332, 1980 U.S. Dist. LEXIS 12273 (S.D. Ohio 1980).

### C.      UA employees acting in their official capacities are immune from Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 (Counts I, II, III, and XI).

Obviously state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt,* 469 U.S. 464, 471, 83 L.Ed.2d 878, 105 S.Ct. 873 (1985). As such, it is no different than a suit against the state itself. *Wolfel v. Morris,* 972 F.2d 712, 719 (6th Cir. 1999).

5

Plaintiff, in identifying each of the UA employee defendants, mechanistically states that they are being sued in both their official and individual capacities. (Comp. Par. 4,5,6 and 7). To the extent said claims are made against UA employees acting in their official capacities, said UA Defendants are immune for the reasons set forth above.

Although there is an exception for suits against a state official, in his official capacity, for prospective injunctive relief, *Ex parte Young,* 209 U.S. 123, 150-156 (1980), said exception only applies when the plaintiff is seeking, against that particular defendant, prospective relief to end a continuing violation of federal law. *Diaz v. Michigan Dep't of Corr.,* 703 F.3d 956, 964 (6th Cir. 2013).  While Plaintiff in his prayer for relief makes a generic reference to injunctive relief, all of his assertions target past alleged conduct, that is, conduct that occurred while Plaintiff was a law student at the University of Akron. Accordingly, the *Ex Parte Young* doctrine has no application here. *Papasan v. Allain,* 478 U.S. 265, 277-78 (1986); see, e.g., *Adams v. Ohio Univ.,* 300 F. Supp.3d 983, 1004 (S.D. Ohio 2018) ("Because all allegations in the [c]omplaint are predicated on past conduct, this Court finds that the §1983 claims against Professor McLaughlin in his official capacity for injunctive relief cannot proceed.") That aspect alone warrants dismissal of any *Ex Parte Young* claims which may have been intended to be pled.

**D.    Plaintiff has not sufficiently pleaded individual-capacity claims under 42 U.S.C. § 1983 (Counts I, II, and XI).**

*42 U.S.C. § 1983* provides in relevant part:

> Every   person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of C, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress---.

The individual-capacity § 1983 claims in Counts I and II against Peters, Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner should be dismissed because they lack specific operative facts from which it can be reasonably inferred that any one of them is liable under *Section 1983.* And even if that were not true, each of the Defendants would enjoy qualified immunity. Plaintiff's only alleged "factual" allegations that could even conceivably support his 1983 claim are that: Oldfield called the police on an irate Plaintiff with knowledge of his disturbing and arguably threatening voicemail (Comp. Par. 17, 18, and 20), that one or all of UA police officers Weber, Hough, Gedeon, and Wayner "pink-slipped" Plaintiff after interacting with him and listening to the voicemail and took him to a mental health facility for observation (Comp. Par 22), that they should not have done so (Comp. Par. 22), Plaintiff was given an interim emergency suspension (Comp. Par. 28), unnamed UA employees had at some time referred to Plaintiff as an "odd duck" (Comp. Par. 10), and Plaintiff claims that Oldfield once told him he "was going to fuck his crazy ass" (Comp. Par. 16).

The standard for determining individual capacity claims in a § 1983 action is whether the named defendant engaged in "active, unconstitutional behavior." *McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 460 (6th Cir. 2014). A person cannot be held liable under § 1983 for mere failure to act. *Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988) (supervisors who did not participate in sexual harassment but were merely aware of it and failed to act are not liable under § 1983). To establish § 1983 liability against a person in their individual capacity, the plaintiff must prove "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). To meet his burden, Plaintiff must allege *with particularity* facts that demonstrate what the UA Defendants did to violate the asserted right. *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has

consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."). Plaintiff falls short of that pleading requirement.

In regard to Defendant John C. Green, Plaintiff's only factual allegation is that he was Interim President of the University of Akron and issued the interim suspension letter. (Comp. Par.4, 28). While Plaintiff further asserts without factual support that "Defendants have a policy and custom of violating the constitution when disciplining students (Comp. Par. 4), such is a "label and conclusion" unsupported by specific operative facts and is insufficient to support Plaintiff's claim against Defendant Green. See *Bell Atlantic v. Twombley,* 550 U.S. 544, 555 (2007).

With regard to Defendant Christopher J. Peters, Plaintiff's only factual allegation is that he was a dean of the UA Law School along with Defendant Oldfield. (Comp. Par. 5). Plaintiff goes on to make the unsupported assertion that the two of them "have a policy and custom of violating student's rights in ordering psychiatric treatment and implementing involuntary commitments" (Comp. Par. 5), but Plaintiff again fails to provide specific operative facts supporting said claim. *Id.* Likewise, the only factual allegation against Dale E. Gooding, Jr. is that he is the current Chief of the University of Akron Police. (Comp. Par. 6). Plaintiff then follows up with the unsupported assertion that the "University of Akron Police department applied a policy and custom of violating constitutional rights when implementing an involuntary commitment. (Comp. Par. 6). Such is merely another "label and conclusion" that does not support an individual-capacity claim. *Id.* "[u]nsupported conclusions of a complaint are not considered admitted…and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots,* 45 Ohio St.3d 324, 544 N.E.2d 639 (1989).

The claims against Defendants Green, Peters and Gooding amount to an attempt to impose supervisor liability in direct contravention of established law. To establish § 1983 liability against a person in their individual capacity, the plaintiff must prove "each Government-official defendant, through the official's own individual actions has violated the United States Constitution". *Ashcroft* at 676.

Even in regard to the claims against Defendants Oldfield, Weber, Hough, Gooden and Wayner, which include some minimal factual allegations, the Complaint fails to set forth operative facts from which it can be inferred that defendants were acting in their individual capacities. The allegations against Defendant Oldfield and the four police officers reflect the essence of their official duties. Oldfield, as a dean of the law school, called the police in regard to a perceived substantial security threat. (Comp. Par. 20). Weber, Hough, Gooden and Wayner, as police officers, responded to the call, investigated the situation and transported Plaintiff to a mental health facility. (Comp. Par. 21-23). While one may disagree with their decisions, said allegations do not set forth operative facts from which an inference could be drawn that they were acting in their individual capacities. If a plaintiff cannot set forth operative facts from which it can be inferred that a government-official defendant acted in his/her individual capacity, then that defendant is acting in his/her official capacity. As a result, such defendant is not a "person" under Section 1983, is protected by qualified immunity, and a suit against him/her for damages is barred by the Eleventh Amendment. *Vergoda v. Student Gov't ass'n Elections Bd.,* 2017 U.S. Dist. LEXIS 182682, Par. 3-5 (U.S.D.C. Northern District of Ohio, November 3, 2017); See *McKenna v. Bowling Green State Univ.,* 568 F.App'x 450, 460 and *Reeves v. Shawnee State Univ.,* 2017 U.S. Dist. LEXIS 29674, Par. 10-13 (U.S.D.C. Southern District of Ohio).

Even if Plaintiff's underlying claims had potential merit in substance against any named Defendant, they would be barred by qualified immunity. State officials are sheltered from suit under the doctrine of qualified immunity when their conduct "does not violate clearly established constitutional rights a reasonable official, similarly situated, would have comprehended." *Wood v. Moss*, 134 S. Ct. 2056 (2014) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The requirement that the alleged violation be clearly established "balances the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Wood, supra*, at 2067 (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)). The Supreme Court has described qualified immunity as "the general rule," characterizing it as almost a "guarantee of immunity." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Therefore, the Sixth Circuit places the burden of disproving qualified immunity on plaintiffs. *McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996). Here, Plaintiff has failed to even attempt to do so.

> **E.  Plaintiff has not sufficiently pleaded individual-capacity claims under 42 U.S.C. § 1985 (Count III).**

In order to plead a claim for relief under *42 U.S.C. § 1985,* a plaintiff must allege that the defendants did (1) conspire or go on the highways or on premises of another (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *Griffin v. Breckenridge,* 403 U.S. 88, 102-103, 91 S.Ct. 1790, 1798-1799, 29 L.Ed. 2d 338 (1971). The complaint must then assert that one or more of the conspirators (3) did, or caused to be done, any act in furtherance of the object of the conspiracy, whereby another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a citizen of the United States. *Id.* The only

10

distinction between "persons" under Section 1983 and Section 1985 (3) is at it relates to private individuals. *Thompson v. New York,* 487 F. Supp. 212, 227, 1979 U.S. LEXIS 8003, Par. 47.

While all of the arguments set forth in subsection D apply to both the § 1983 and § 1985 claims and require dismissal of both, the § 1985 claim in Count III must also be dismissed because of the Complaint's failure to allege or provide a basis to infer that the complained of action was based on class-based animus. To maintain a claim under Section 1985, the Plaintiff must allege class-based animus. See *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct 1790, 29 L.Ed. 2d 338 (1971); *Williams v. Savage,* 538 F. Supp. 2d 34, 42. Age is not a protected class under Section 1985. *Anderson v. Ky. One Health, Inc.,* 2017 U.S. Dist. LEXIS 171526, P. 13-14, 2017 WL 4682431; See *Platt v. Burroughs Corp.,* 424 F. Supp. 1329, 1340-41 (E.D. Pa. 1976); see also *Abbott v. Moore Business Forms, Inc.* 439 F. supp. 643, 650 (D.N.H. 1977). Disability-based animus does not constitute the type of animus required by Section 1985. *Doe v. Bd. Of Trs. Of the Univ. of Ill.,* 429 F. Supp.2d 930, 944. No factual allegations have in any case been alleged that would support an inference of class-based animus. The § 1985, as well as the § 1983, claims are insufficiently pleaded in the Complaint and should be dismissed.

F.     **ADA Claims (Count V).**

i.   **Plaintiff fails to state a claim for disability discrimination against the individual UA Defendants under Title II of the Americans with Disabilities Act because there is no individual liability under the ADA.**

In Count V of his Complaint, Plaintiff alleges that the UA Defendants discriminated against him and denied him an accommodation in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA").

Public employees or supervisors cannot be sued in their individual capacities under the ADA. *Williams v. McLemore*, 247 Fed. App'x 1, 8 (6th Cir. 2007). As such, Defendants Peters,

11

Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner are entitled to dismissal of Plaintiff's ADA discrimination claims against them in their individual capacities. *Williams v. McLemore*, 247 Fed. App'x 1, 8 (6th Cir. 2007). Therefore, Plaintiff's ADA claim should be dismissed pursuant to Fed. R. Civ. P. 12(c).

      **ii.**      **Plaintiff's ADA claims are barred by the Eleventh Amendment.**

Plaintiff's claims against UA, and Peters, Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner in their official capacities under Title II of the ADA are barred by the Eleventh Amendment. *Carten v. Kent State Univ*., 282 F.3d 391(6th Cir. 2002); *Patel v. Wright State Univ*., S.D. Ohio No. 3:07-cv-243, 2009 U.S. Dist. LEXIS 47491 at *33 (May 26, 2009); *United States v. Georgia*, 546 U.S. 151 (2006); *McCulley v. Univ. of Kansas School of Medicine*, No. 12-2587-JTM, 2013 U.S. Dist. LEXIS 51516 (D. Kan. Apr. 10, 2013) (finding no abrogation of sovereign immunity in the context of medical schools); *Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012) (finding no abrogation of sovereign immunity in the context of medical licensing decisions); *Press v. State Univ. of New York at Stony Brook,* 388 F.Supp.2d 127 (E.D.N.Y.2005) (application of Title II to university's alleged denial of access to post-secondary education on basis of disability was not valid exercise of congressional power); *Johnson v. S. Conn. State Univ.,* No. 3:02-CV-2065, 2004 U.S. Dist. LEXIS 21084 (D. Conn. Sept. 30, 2004) (granting university's motion to dismiss plaintiff's claim under Title II of ADA on sovereign immunity grounds).

      **iii.**     **Plaintiff fails to state a discrimination claim under Title II of the ADA.**

In order to determine whether a Plaintiff may sue a state for money damages under Title II of the ADA, the court must determine on a claim-by-claim basis, "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth

Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *United States v. Georgia*, 546 U.S. 151, 159 (2006). Plaintiff cannot satisfy the first element of the *Georgia* test, therefore he cannot establish a prima facie case of discrimination under Title II of the ADA. Any claims against the UA Defendants under Title II of the ADA are thus barred by the Eleventh Amendment.

In order to establish a *prima facie* case of disability discrimination under Title II of the ADA, Plaintiff must show that he: (1) has a disability; (2) is otherwise qualified for UA's law school; and (3) was excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). The UA Defendants assume, for purposes of this Motion, that Plaintiff's allegations satisfy the first and second elements of his prima facie case. However, Plaintiff cannot satisfy the third element.

The allegations in Plaintiff's Complaint do not support that he was taken to a psychiatric facility because of his alleged disability. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317 (6th Cir. 2012) (finding "because of" causation standard applies to ADA Title II claim). Plaintiff alleges that the UA Defendants failed "to accommodate Plaintiff's disabilities" and instead "had Plaintiff involuntarily committed to a mental health hospital." (Comp. Par. 60). The UA Defendants determined Plaintiff was a threat to himself and others on campus when he showed up to the UA administrative offices in an agitated state recently after having left a voicemail message with Carolyn Brommer, Regional Director of the Federal Mediation and Conciliation Service threatening UA personnel. Comp. Par. 17, 18) (Exhibit B). As a result, UA Defendants had Plaintiff taken to a psychiatric hospital for evaluation. Plaintiff has not sufficiently demonstrated what he was excluded from participating in, which benefit he was denied, or how he was

discriminated against because of his alleged disability of anxiety (Comp. Par. 3). Plaintiff has not presented evidence that "but for" his alleged disability he would not have been taken to a psychiatric hospital. *Gohl v. Livonia Pub. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016). Thus, Plaintiff fails to state an ADA discrimination claim upon which relief can be granted.

Count V also alleges that the UA Defendants failed to accommodate Plaintiff's alleged disability in violation of the ADA. In order to establish a prima facie case for failure to accommodate, a plaintiff must establish that: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to continue in the academic program with or without reasonable accommodation; (3) the school knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the school failed to provide the necessary accommodation. See generally *Johnson v. Cleveland City Sch. Dist.*, 443 Fed. Appx. 974, 982 (6th Cir. 2011) (citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004)). Universities have no duty to identify students with disabilities. Instead, a student must notify the University of the need for an accommodation. *Pierre v. Univ. of Dayton*, No. 3:15-cv-362, 2017 U.S. Dist. LEXIS 44442, at *28-29 (S.D. Ohio Mar. 27, 2017). For purposes of this Motion, Defendants assume Plaintiff's allegations satisfy the first three prongs. However, he has not satisfied the remaining prongs.

Plaintiff alleges he "is a veteran with a mental health disability of anxiety." (Comp. Par. 3).  However, Plaintiff fails to satisfy the fourth and fifth elements because he has not presented evidence to demonstrate what accommodation he requested from the UA Defendants and how the UA Defendants failed to accommodate his request. "A publicly funded university is not required to provide accommodation to a student under the ADA or Rehabilitation Act until the student provides a proper diagnosis of his claimed disability and specifically requests an accommodation." *Shaikh v. Lincoln Mem'l Univ.*, 608 F. App'x 349, 353 (6th Cir. 2015) (quoting *Carten v. Kent*

14

*State Univ.*, 78 F. App'x 499, 500-01 (6th Cir. 2003). Because the allegations are insufficient to establish that Plaintiff presented a qualifying diagnosis and timely requested a specific accommodation, he cannot maintain his ADA accommodation claim.

> **G.**     **Rehabilitation Act Claims (Count VI).**

> **i.**   **Plaintiff fails to state a claim for disability discrimination against the individual UA defendants under the Rehabilitation Act because there is no individual liability under the Rehabilitation Act.**

In Count VI of his Complaint, Plaintiff alleges that the UA Defendants discriminated against him in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act").

Defendants Peters, Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner are entitled to dismissal of Plaintiff's Rehabilitation Act discrimination claims against them in their individual capacities. *Lee v. Mich. Parole Bd.,* 104 Fed. Appx. 490, 493, 2004 U.S. App. LEXIS 13709, *4 (6th Cir. 2004) ("[N]either the ADA nor the RA impose liability upon individuals.") Therefore, Plaintiff's Rehabilitation Act discrimination claim should be dismissed pursuant to Fed. R. Civ. P. 12(c).

> **ii.**     **Plaintiff fails to state a claim for disability discrimination under the Rehabilitation Act.**

Plaintiff fails to state a plausible Rehabilitation Act claim. "Claims brought under the Rehabilitation Act are generally reviewed under the same standards that govern ADA claims," with one exception. *Shaikh* at 353. Plaintiff must prove he was discriminated against "solely because of the disability." *Plautz v. Potter*, 156 Fed. App'x 812, 816 (6th Cir. 2005).

Plaintiff fails to allege that his alleged disability was the sole reason he was taken to a psychiatric facility.  Plaintiff alleges the UA law school "are discriminating [because of] my age."

(Comp. Par. 17).  Plaintiff cannot state a claim he was discriminated against solely because of his disability. It is obvious that Plaintiff has not and cannot state a claim he was discriminated against solely because of his disability when he also asserts another basis, like age, as a reason for being taken to a psychiatric facility for evaluation. *See Yates-Mattingly v. Univ. of Cincinnati*, No. 1:11-cv-753, 2012 U.S. Dist. LEXIS 124101, at *12 (S.D. Ohio Aug. 31, 2012) (dismissing Rehabilitation Act claim because Plaintiff failed to allege that disability was the sole reason for her termination from UC). Nor has Plaintiff plausibly alleged that his alleged disability was even a reason, let alone the sole reason, for discrimination by UA Defendants. Moreover, Plaintiff cannot make out the remaining elements of a Rehabilitation Act discrimination claim just as he could not make out the elements of his ADA claim. *See* Section V.F.iii, *supra*.

The *prima facie* case for failure to accommodate is the same under the Rehabilitation Act as it is under the ADA. *Carten v. Kent State Univ*., 78 F. App'x 499, 500- 501 (6th Cir. 2003) (failure to accommodate); Thus, Plaintiff's Rehabilitation Act failure to accommodate claim fails for the same reasons his ADA failure to accommodate fails and likewise must be dismissed.

**H.** **Plaintiff's State Law Claims (Counts VII, VIII, IX, X, and XI).**

**i.** **Plaintiff's state law claims against the UA Defendants should be dismissed because this Court lacks jurisdiction to hear them.**

Plaintiff makes a number of additional claims against the UA Defendants under the Constitution and laws of the State of Ohio in Counts VII through XI. (Comp. Par. 47-52, 65-68, 69-73, 73-75, 76-79 and 80-82). These claims should be dismissed once all of Plaintiff's federal claims have been dismissed pursuant to 28 U.S.C. § 1367(c). Additionally, the Court lacks jurisdiction over all of these state law claims against Defendant the University of Akron and Defendants Peters, Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner in their official

capacities. *See* Ohio Rev. Code § 2743.02(A)(1) (the State only consented to "have its liability determined in the court of claims . . . "); Ohio Rev. Code § 2743.03(A)(1) ("The court of claims . . . has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. § 2743.02] . . . "); *McCormick v. Miami University*, 693 F.3d 654, 664-665 (6th Cir. 2012).

### ii. Plaintiff's state law claims against the UA Defendants acting in their individual capacity should be dismissed because these claims can only be brought after the Court of Claims makes an immunity determination.

To the extent that Plaintiff attempts to bring individual-capacity state law claims against Defendants Peters, Oldfield, Green, Gooding, Weber, Hough, Gedeon, and Wayner, yet again, this Court lacks subject matter jurisdiction. *See* Ohio Rev. Code § 9.86 (conferring on State employees immunity from liability in civil actions arising under Ohio law); Ohio Rev. Code § 2743.02(F)(conferring on the Ohio Court of Claims exclusive jurisdiction to make the threshold determination of whether a State employee retains or forfeits R.C. § 9.86 immunity in a particular case); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *James v. Tunnell*, No. 1:09-cv-00839, 2010 U.S. Dist. LEXIS 69103, *4 (S.D. Ohio June 16, 2010).

Finally, even if this Court were to have jurisdiction to consider these claims, they should nevertheless be dismissed, as Plaintiff has failed to state a state law claim. Plaintiff's allegations amount to nothing more than legal conclusions. This Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678. Plaintiff's state law claims, which offer nothing more than labels and conclusions are therefore insufficient and should be dismissed.

17

## VI.     CONCLUSION

For the reasons discussed above, the UA Defendants therefore respectfully request the

Court dismiss the portion of Plaintiff's Complaint against them in its entirety.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Anthony J. Farris*

_____
ANTHONY J. FARRIS (0055695)
ASHLEY BARBONE (0083666)
Assistant Attorneys General
Office of the Ohio Attorney General
Education Section
30 E. Broad Street, 16th Floor
Columbus, OH 43215
Phone: (614) 644-7250 / Fax: (614) 644-7634
Email:  anthony.farris@ohioattorneygeneral.gov
            ashley.barbone@ohioattorneygeneral.gov

*Counsel for the UA Defendants*


## CERTIFICATE OF COMPLIANCE

I hereby certify that this case has not been assigned to a track and that it does not exceed

the limit of 20 pages as imposed by Local Rule 7.1(f).


*/s/ Anthony J. Farris*

_____
ANTHONY J. FARRIS (0055695)
Assistant Attorney General

18

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the forgoing was filed electronically on November 27, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Anthony J. Farris*

ANTHONY J. FARRIS (0055695)
Assistant Attorney General